United States District Court
Southern District of Texas
**ENTERED**
January 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YORDANIS ARIAS MOSQUEDA, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-26-62 |
| § | |
| GRANT DICKEY, *et al.* § | |
| § | |
| Respondents. § | |

**ORDER**

The petitioner, Yordanis Arias Mosqueda, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Detention Facility. (Docket Entry No. 7 at 4). Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Arias Mosqueda's petition, (Docket Entry No. 1), and denies the respondents' motion for summary judgment, (Docket Entry No. 12).

As this court and other courts have articulated in numerous decisions, Arias Mosqueda is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, Politico (Oct. 31, 2025),

https://perma.cc/H6MZ-VC2Z.  The court has found no reason to depart from its prior decisions or the decisions of dozens of other courts.[1]

The parties dispute whether § 1226 applies.  Arias Mosqueda argues that it does not because there are no pending removal proceedings against him.  (Docket Entry No. 1 at 9).  The respondents represent that Arias Mosqueda was "recently served" with a Notice to Appear, which starts removal proceedings.  (Docket Entry No. 12 at 2).  If there are no pending removal proceedings against Arias Mosqueda, the government must release him within 48 hours.

If there are pending removal proceedings against Arias Mosqueda, the respondents must provide Arias Mosqueda with a bond hearing under § 1226(a) by January 29, 2026, or release him.  The parties are to update the court on the status of his bond hearing no later than February 2, 2026.  The respondents' motion for summary judgment, (Docket Entry No. 12), is denied.

SIGNED on January 15, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] The court rejects the respondents' other challenges to the habeas petition.  As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.  That the petitioner has not yet requested bond does not change this court's conclusions as to exhaustion and the appropriate relief.  *See Flores Perez v. Noem*, No. 2:25-cv-2920, 2025 WL 3532430, at *3 (N.D. Tex. Nov. 14, 2025), *report and recommendation adopted*, 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025).